**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| **DONALD JAMES COON,** | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **3:09-CV-0173-D** |
| | ) | |
| **DALLAS COUNTY CONSTABLES** | ) | |
| **OFFICE, PRECINCT #3, et al.,** | ) | |
| **Defendants.[1]** | ) | |


**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to the provisions of 28 U.S.C. § 636(b), and an order of the Court in implementation thereof, this case has been referred to the United States Magistrate Judge. The findings, conclusions and recommendation of the Magistrate Judge are as follows:

FINDINGS AND CONCLUSIONS:

Type of Case: This is a diversity civil action filed by a *pro se* litigant.

Parties: Plaintiff Donald James Coon ("Coon") resides in Whitehall, New York. Defendants are Kelly Kilgo, the Dallas County Constable's Office Precinct Three and three of its employees, Chief Constable Ben Adamcik, Lt. John Doe, and Deputy Constable Angela R. Willie. The court did not issue process in this case, pending preliminary screening. On March 5, 2009, the magistrate judge issued a questionnaire to Plaintiff, who filed his answers thereto on

---

[1]     In his complaint, Plaintiff writes "Constables Office" without an apostrophe. The caption follows the spelling used in Plaintiff's complaint. Throughout the recommendation, however, the magistrate judge has used the apostrophe in writing "Constable's Office."

March 16, 2009.[2]

    Statement of Case:  On August 1, 2005, Kilgo, a Georgia resident, was involved in an

automobile accident with Coon in New York State, allegedly resulting in permanent injuries to

Coon and medical expenses in excess of $300,000.  Although Coon sued Kilgo and her insurance

company in a New York state court, he was unable to secure service of process on Kilgo, who by

then had moved to Texas.  (Answer to Question 1).  According to Coon, the New York state

court ultimately ordered him to effect service of process on Kilgo by July 31, 2008, the last day

of the limitations period; otherwise, his case would be dismissed.  (Answers to Questions 1-2).

Coon immediately contacted Chief Adamcik, who assured him that his office could and would

timely serve process on Kilgo, despite her previous tactics in evading service.  (Answer to

Question 3).  However, Deputy Willie was unable to serve Kilgo with process within the

limitations period and, according to Coon, the New York court dismissed his case.  (Answer to

Question 2).

    In this action, Coon seeks to sue the Dallas County Constable's Office Precinct No. 3 and

its three employees for negligence in failing to serve Kilgo before the statute of limitations

elapsed on July 31, 2008.  He alleges that he is "now forbidden by the negligence etc of Dallas

County Constables Officers from collecting or getting paid for [his] personal injuries in this case

. . . ."  (Complaint at 8).  With respect to Kilgo, he alleges that she "committed fraud" by

_____

        [2]        This is the second action which Plaintiff has filed in this court.  The court
dismissed the first action for want of jurisdiction because Plaintiff could not establish diversity
jurisdiction.  *See Coon v. Dallas County Constables Office, Precinct 3, et al.*, No. 3:08cv1832-L
(N.D. Tex. Nov. 24, 2008).  Plaintiff subsequently dropped the non-diverse defendant (Kilgo's
New York law firm) and refiled the action in the U.S. District Court for the Western District of
Texas, Austin Division, which in turn transferred the case to this court.  *Coon v. Dallas County
Constables Office, Precinct 3, et al.*, 1:08cv0890 (W.D. Tex. Jan. 22. 2009).

repeatedly evading service of process.  (*Id.* at 3-4 and 5-6, and Answer to Question 12).

According to Plaintiff, Kilgo evaded service of process in New York, Connecticut, Georgia,

Washington State, and Texas.  (Complaint at 3).  Coon requests five million dollars in

compensatory damages, and fifteen million dollars in punitive damages.  (Complaint at 8).[3]

      Findings and Conclusions:  The court permitted Plaintiff to proceed *in forma pauperis*.

His complaint is, thus, subject to screening under 28 U.S.C. § 1915(e)(2)(B), which imposes a

screening responsibility on the district court.  Section 1915(e)(2)(B) reads in pertinent part as

follows:

> Notwithstanding any filing fee, or any portion thereof, that may have been paid,
> the court shall dismiss the case at any time if the court determines that . . . the
> action or appeal –
> > (i) is frivolous or malicious;
> > (ii) fails to state a claim on which relief may be
> > granted; or
> > (iii) seeks monetary relief against a defendant who

---

[3]      In response to the magistrate judge's questionnaire, Coon failed to provide the number of the New York state case in which he sued Kilgo and her insurance company stemming from the automobile accident at issue.  (*See* Answer to Question 1).  He merely mentioned the style of the case: *Coon v. GA Farm Bureau, Kelly Ann Kilgo, et al.*, in Orange County, New York Supreme Court.  Coon also failed to provide a copy of the complaint and of the order which required that he effect service on Kilgo within the limitations period.  (Answer to Question 2).

An internet search of New York state court cases revealed one lawsuit in 2007 by Coon against Georgia Farm Bureau Insurance, et al..  *See* Cause No. 007661-2007, available at http://iapps.courts.state.ny.us/webcivil/FCASSearch.  It is unclear from the information available on the internet whether Kilgo was a named defendant.  Nevertheless, it appears that a defendant's motion to dismiss (initially filed on July 30, 2008), was granted on October 6, 2008.  The remainder of the case was disposed of following a trial on December 8, 2008.

In addition to the above state court case, Coon filed two prior federal court actions against Kilgo and her insurance company, raising state law tort and/or contract claims stemming from the 2005 automobile accident at issue in this case.  Both actions were dismissed for want of jurisdiction for failing to invoke the court's diversity jurisdiction.  *Coon v. Kilgo, et al.*, No. 1:06-cv-0925 (N.D. N.Y. Sep. 28, 2006); *Coon v. State Farm Insurance Co., et al.*, 1:07cv0164-JTC (N.D. Ga. Jul 23, 2007).

is immune from such relief.

28 U.S.C. § 1915(e)(2)(B).

A complaint is frivolous, if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325, 109 S. Ct. 1827, 1831-32 (1989). A complaint fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570, 127 S.Ct. 1955, 1974 (2007).

Coon seeks to sue the Dallas County Constable's Office Precinct No. 3, a governmental entity, and three of its employees for negligence. His complaint did not specify the capacity in which the three employees were being sued. In an effort to determine the capacity in which Coon was suing the employees of the constable's office, the magistrate judge's questionnaire advised him that state government employees may be sued in their individual and/or official capacities. (*See* Paragraph preceding Question 6). The questionnaire then made specific inquiry with respect to the capacity in which each employee was being sued. (*See* Questions 6, 8 and 10). The questionnaire further instructed Coon to skip follow-up questions, i.e. Questions 7, 9, and 11, if he was suing the governmental employees only in their official capacities.

Although Coon directly answered only Question 10, with respect to Deputy Willie, he skipped the follow-up questions as to all three employees. This is consistent with the conclusion that Coon is suing all three governmental employees only in their official capacities.[4]

---

[4]     The caption on Plaintiff's complaint and answers to the magistrate judge's questionnaire also suggests that he is only suing the Dallas County Constable's Office Precinct No. 3 and the employees in their official capacities. He writes as follows: "Dallas county {TX} Constables Office, Precinct #3 {ie Ben Adamcik, Lt. John Doe, Deputy Constable Angela R. Willie} . . . ." Likewise, in the parties section of his complaint, Coon lumps the Dallas County

It is well established, that when an employee of a governmental entity is sued in his official capacity, the governmental entity is the real party in interest.  A suit against an official in his official capacity is not a suit against the official, but a suit against the official's office and the governmental entity or the state for which the official is an agent. *Will v. Mich. Dep't of State Police,* 491 U.S. 58, 71, 109 S.Ct. 2304, 2312 (1989); *Texas A & M University System v. Koseoglu,* 233 S.W.3d 835, 844 (Tex. 2007); *Scott v. Britton,* 16 S.W.3d 173, 180 (Tex.App.-Houston [1st Dist.] 2000, no pet.).  Therefore, the court must determine whether Plaintiff can bring a tort action against a Texas governmental entity, such as the Dallas County Constable's Office, based on the allegations in his complaint.

Under Texas law, a governmental unit is immune from tort liability unless the alleged claim falls within the scope of the Texas Tort Claims Act (TTCA).  *See* Tex. Civ. Prac. & Rem. Code §§ 101.021-.025 (Vernon 2005); *Forgan v. Howard County, Tex.*, 494 F.3d 518, 520 (5th Cir. 2007) ("A Texas governmental unit is generally immune from tort liability unless the legislature has somehow waived immunity."); *Texas Dep't of Crim. Justice v. Miller*, 51 S.W.3d 583, 586-87 (Tex. 2001).  The TTCA defines "governmental unit" to include counties, cities, school districts, various types of water districts, and "any other institution, agency, or organ of government the status and authority of which" originate from state law.  *See* Tex. Civ. & Rem. Code § 101.001(3) (Vernon 2005).

The TTCA provides a limited waiver of sovereign immunity, allowing suits to be brought against governmental units only in certain, narrowly defined circumstances.  *Dewitt et al. v.*

---

Constable's Office and the three employees together.  (*See* Complaint at p. 2 second paragraph).

*Harris County*, 904 S.W.2d 650, 652 (1995).  The three specific areas of liability for which

sovereign immunity has been waived are:  (1) property damage, personal injury, and death

caused by the operation or use of a motor-driven vehicle, Tex. Civ. Prac. & Rem. Code §

101.021(1); (2) personal injury and death caused by a condition or use of tangible personal or

real property, *see id.* § 101.021(2); and (3) injuries arising from premise defects, *see id.* §

101.021(1) and 101.022.  *See Jackson v. Sheriff of Ellis County, Texas*, 154 F.Supp.2d 917, 921

(N.D. Tex. 2001).

Coon's claims, even when construed with the liberality due a *pro se* litigant's pleadings,

do not fall within the limited scope of the TTCA's waiver of governmental immunity.  The

alleged injury suffered as a result of the failure to serve Kilgo within the limitations period does

not involve the use of a vehicle, a condition or use of personal or real property, or a premises

defect.  Therefore, the Dallas County Constable's Office and its three employees, sued in their

official capacities, are immune from a suit for damages based upon their alleged negligence.

Because Coon seeks monetary relief against Defendants who are immune from such

relief, his negligence claims should be dismissed with prejudice under 28 U.S.C. §

1915(e)(2)(B).  *See Marts v. Hines*, 117 F.3d 1504, 1506 (5th Cir. 1997) (en banc) (dismissing *in*

*forma pauperis* case with prejudice under § 1915(e)(2)(B)).

Next Coon seeks to sue Kilgo for committing an unspecified fraud against him.  Rule

9(b), of the Federal Rules of Civil Procedure, requires that fraud be alleged with particularity.[5]

Under Rule 9(b), a plaintiff must "allege the particulars of time, place, and contents of the false

---

[5]     Rule 9(b) reads as follows:  "In alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake.  Malice, intent, knowledge, and other conditions of a person's mind may be alleged generally."

representations, as well as the identity of the person making the misrepresentation and what that person obtained thereby." *Tuchman v. DSC Communications Corp.,* 14 F.3d 1061, 1068 (5th Cir. 1994) (quoted case omitted). "Although scienter may be averred generally, case law amply demonstrates that pleading scienter requires more than a simple allegation that a defendant had fraudulent intent. To plead scienter adequately, a plaintiff must set forth *specific facts* that support an inference of fraud." *Id.* (emphasis added).

Plaintiff's fraud allegation in the complaint lacked the specificity required by Rule 9(b). Thus, the questionnaire asked him to state with particularity the circumstances of his fraud, including time and place, contents of the alleged misrepresentation, and Kilgo's intent. (*See* Magistrate Judge's Questionnaire at Question 12). Plaintiff's brief response to the questionnaire fails to indicate what Kilgo did that amounted to fraud. Coon merely states as follows:

> Kilgo used Deputy Constable Willie as a dupe or fool meeting talking to Willie but never appearing to be served, she knew exactly what game fraud she was pulling. Happened during time frame from July 19 thru [sic] Aug 5 2008 I didn't learn that [sic] service of Kilgo was compromised till Aug 15 2008 when the document from Dep Conmstable [sic] Willie arrived to me in New York unserved upon Kilgo. She met with Willie see Willies item by item account of her dealings with Kilgo Answer talked to her then she would record Kilgo didn't appear or didn't answer the telephone etc etc.

(Plaintiff's Answer to Question 12).

Clearly the above answer fails to plead fraud with the particularity required by Rule 9(b). Simply alleging that Kilgo evaded Willie's attempts to contact her in order to serve the summons – without any additional factual support – does not allege the particular time and place of any false representation by Kilgo, nor does it set forth any "specific facts" to support the inference of fraud. *United States ex rel. Thompson v. Columbia/HCA Healthcare Corp.,* 125 F.3d 899, 903 (5th Cir. 1997) (quoting *Williams v. WMX Tech., Inc.,* 112 F.3d 175, 179 (5th Cir. 1997))

(Plaintiff must allege at a minimum "the 'who, what, when, where, and how' of the alleged fraud."). There is no "license to base claims of fraud on speculation and conclusory allegations." *Id.* (citation omitted).

Moreover, Coon has failed to allege sufficient facts to state a claim for fraud. Under Texas law, a plaintiff must allege sufficient facts to show that (1) Defendant made a material representation which was false when made; (2) when the representation was made, Defendant knew it was false or made it recklessly as a positive assertion without any knowledge of its truth; (3) Defendant made the representation with the intent that Plaintiff should act upon it; (4) Plaintiff actually and justifiably relied on the representation; and (5) Plaintiff thereby suffered injury. *Ernst Young, L.L.P. v. Pac. Mut. Life Ins. Co.,* 51 S.W.3d 573, 577 (Tex. 2001).

Coon's fraud allegation is clearly insufficient. He cannot succeed on a fraud claim without connecting his alleged injury to a misrepresentation on the part of Kilgo. Moreover, it is unclear from Plaintiff's own allegations what fact, if any, Kilgo misrepresented.[6]

Because Plaintiff's allegations do not raise a right to relief above the speculative level, his fraud claim is not plausible on its face, and should be dismissed with prejudice for failing to state a claim on which relief can be granted. *See* 28 U.S.C. § 1915(e)(2)(B); *Marts v. Hines*, 117 F.3d 1504, 1506 (dismissing *in forma pauperis* case under § 1915(e)(2)(B) with prejudice).

RECOMMENDATION:

For the foregoing reasons, it is recommended that the complaint be DISMISSED with

---

[6]     While both federal and state procedural law provide for alternative means for effecting service of process upon a defendant who engages in conduct in an effort to evade service, Coon has identified no Texas state substantive law which recognizes a cause of action for damages based upon Kilgo's statements or actions.

8

prejudice for failing to state a claim on which relief can be granted and for seeking monetary relief against defendants who are immune from such relief.  *See* 28 U.S.C. § 1915(e)(2)(B).

A copy of this recommendation will be mailed to Plaintiff.

Signed this 24th  day of April, 2009.


WM. F. SANDERSON, JR.
UNITED STATES MAGISTRATE JUDGE


<u>NOTICE</u>

In the event that you wish to object to this recommendation, you are hereby notified that you must file your written objections within ten days after being served with a copy of this recommendation.  Pursuant to *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415 (5th Cir. 1996) (*en banc*), a party's failure to file written objections to these proposed findings of fact and conclusions of law within such ten-day period may bar a *de novo* determination by the district judge of any finding of fact or conclusion of law and shall bar such party, except upon grounds of plain error, from attacking on appeal the unobjected to proposed findings of fact and conclusions of law accepted by the district court.