IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| DONALD JAMES COON, | § | |
| | § | |
| Plaintiff, | § | |
| | § | Civil Action No. 3:09-CV-0173-D |
| VS. | § | |
| | § | |
| DALLAS COUNTY CONSTABLES | § | |
| OFFICE, PRECINCT 3, et al., | § | |
| | § | |
| Defendants. | § | |

## ORDER

After making an independent review of the pleadings, files, and records in this case, the findings, conclusions, and recommendation of the magistrate judge, filed April 24, 2009, and plaintiff Donald James Coon's ("Coon's") objections, filed May 21, 2009, the court concludes that the findings and conclusions are correct in part. It is therefore ordered that the findings, conclusions, and recommendation of the magistrate judge are adopted in part.

The court agrees with the magistrate judge that Coon's claims against the defendants associated with Dallas County Constable's Office Precinct No.3 are official-capacity claims that are barred by the Texas Tort Claims Act. In his objections, Coon presents an array of complaints about a number of topics and people, including unfounded criticisms of the magistrate judge, but he fails to show why these negligence claims are not barred by law. Accordingly, the court adopts the findings, conclusions, and recommendation of the magistrate judge in this respect and, by Fed. R. Civ. P. 54(b) judgment filed today, dismisses with prejudice the claims against Dallas County Constable's Office Precinct No.3 and its three employees: Chief Constable Ben Adamcik, Lt. John Doe, and Deputy Constable Angela R. Willie.

Although the court agrees with the magistrate judge that Coon has failed to plead his fraud claim against defendant Kelly Kilgo ("Kilgo") with the specificity required by Rule 9(b), or to state a fraud claim on which relief can be granted, the court declines to dismiss Coon's action against Kilgo with prejudice without affording Coon one more opportunity to plead a fraud claim. If Coon were represented by counsel, the court would allow him another opportunity to plead fraud before dismissing his case. *See, e.g., Hannover Life Reassurance Co. of Am. v. Baker, Lowe, Fox Ins. Mktg., Inc.*, 2001 WL 1586874, at *5 & *5 n.8 (N.D. Tex. Dec. 10, 2001) (Fitzwater, J.). And because Coon is proceeding *pro se*, it is settled that he should be given one more opportunity to plead his best case, which in this instance means a fraud claim that complies with Rule 9(b) and that states a claim for fraud on which relief can be granted. *See, e.g., Scott v. Byrnes*, 2008 WL 398314, at *1-*2 (N.D. Tex. Feb. 13, 2008) (Fitzwater, C.J.) (quoting *Sims v. Tester*, 2001 WL 627600, *2-*3 (N.D.Tex. Feb.13, 2001) (Fitzwater, J.)).

Accordingly, the court declines at this time to dismiss Coon's suit against Kilgo. Coon must file an amended complaint no later than July 6, 2009 that pleads fraud with the specificity required by Rule 9(b) and states a fraud claim on which relief can be granted. If Coon (1) fails to amend, or (2) he amends but does not plead a fraud claim against Kilgo with the specificity required by Rule 9(b), or does not state a fraud claim on which relief can be granted, his action against Kilgo will be subject to dismissal without further leave to amend.

**SO ORDERED**.

June 5, 2009.

_____
SIDNEY A. FITZWATER
CHIEF JUDGE